IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 16-181 |
| ) | Civil No. 20-1476 |
| ) | |
| ANGELO MASSIE, ) | Judge Nora Barry Fischer |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

I.  INTRODUCTION

Presently before the Court are a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, ("Motion"), filed by pro se Defendant Angelo Massie, ("Defendant"), (Docket No. 546),[1] his supporting declaration (Docket No. 546-1), and the Government's Response in opposition (Docket No. 571). Defendant maintains that his counsel allegedly provided ineffective assistance during plea and sentencing proceedings, and for failing to file an appeal on his behalf. (Docket No. 546). The Government counters that the record reveals that the Defendant knowingly and voluntarily entered into a negotiated guilty plea pursuant to Rule 11(c)(1)(C), which the Court accepted at the sentencing hearing and imposed the agreed-upon 15-year sentence of incarceration, and that he has failed to substantiate his claim that he requested his counsel to file an appeal on his behalf. (Docket No. 571). After careful consideration of the parties' submissions and for the following reasons, Defendant's Motion [546] is denied.

---

[1] Defendant initially filed a Motion for Extension of Time to File Motion to Vacate in accord with 28 U.S.C. 2255 (Docket No. 529) on June 30, 2020, which the Court construed as being a Motion to Vacate in and of itself. The Court granted Defendant leave to amend within 90 days, which he did, ultimately filing his Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (Docket No. 546) on September 30, 2020.

II.     BACKGROUND

On April 1, 2019, Defendant pled guilty to Count 1 of the Superseding Indictment at Criminal Number 16-181, which charged him with one count of conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin contrary to the provisions of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(i), in violation of 21 U.S.C. § 846. (Docket Nos. 418; 450). As is the Court's practice, it conducted an extensive colloquy with Defendant to confirm that he was competent, that he understood the Constitutional and other rights that he was waiving by entering a guilty plea, and that he was knowingly and voluntarily pleading guilty. (Docket No. 450). During the course of the colloquy, the Court specifically addressed the terms of the plea agreement with Defendant, who acknowledged, under oath, all of the following:

- that Defendant received a copy of the written plea agreement prior to the change of plea hearing, that he read the same from beginning to end and went over it with his attorney, and that he understood and agreed to the terms thereof;

- that the potential penalty Defendant faced at Count 1 was "[a] term of imprisonment of not less than 15 years up to a maximum of life";

- that "[t]he parties agree that no other [sentencing] enhancements, departures or variances are applicable or appropriate" other than those explicitly listed in the written plea agreement and read into the record during the change of plea hearing;

- that Defendant waived his right to appeal except in the limited circumstances detailed in the written plea agreement;

- that Defendant understood that the Government filed a § 851 Information in this matter, thus enhancing the applicable sentencing provisions;

- that Defendant read and signed a written joint stipulation of facts which specifically included a stipulation that Defendant's prior state convictions would serve as the basis for the § 851 Information; and

- that "[p]ursuant to Rule 11(c)(1)(C), the parties stipulate and agree that the appropriate sentence in this case is a term of imprisonment

2

of fifteen (15) years," among other conditions. (Docket No. 450 at 8-9, 14-28, 48; *see also Plea Letter dated 3/1/19* at §§ A.1; A.7; A.8; B.2; C.1; C.3). Defendant twice stated on the record that he was satisfied with the representation provided in this matter by his attorney. (Docket No. 450 at 7, 49). Defendant assured the Court that he was voluntarily entering the guilty plea of his own free will, and that he wanted to proceed with the plea despite the potential penalties he would face and the various rights he would give up by doing so. (Docket No. 450 at 48-50). The Court accepted Defendant's guilty plea after finding him to be competent and fully-informed as to his rights. (Docket No. 450 at 49-50). Near the conclusion of the hearing, Defendant requested that his sentencing date be expedited, and the Court moved the hearing up two months to accommodate this request. (*Id.* at 51-52).

Defendant was sentenced on July 18, 2019. At the sentencing hearing, no objections were lodged to the Presentence Investigation Report or the Court's Tentative Findings and Rulings and both parties advocated that the Court should accept their Rule 11(c)(1)(C) plea agreement. (*See* Docket No. 516). The Defendant briefly allocuted at the sentencing hearing, informing the Court that he planned to avail himself of vocational and treatment programs during his period of incarceration, and that he planned to get his life back together while serving his sentence. (*Id*. at 11). After careful consideration of the § 3553(a) factors, the Court accepted the parties' plea agreement and imposed their agreed-upon sentence of 15 years' incarceration; 10 years' supervised release; and a $100 special assessment. (*Id*. at 15). The Court found that the sentence was sufficient, but not greater than necessary, to meet all of the goals of sentencing in Defendant's case. (*Id.* at 21).

Defendant did not appeal the judgment to the Court of Appeals, and the time for filing an appeal expired on August 1, 2019. (*See generally* Docket Report 16-181). Defendant's Motion for

Extension of Time, which was construed as a Motion to Vacate, was docketed on June 30, 2020. (Docket No. 529). As the Government did not object thereto, the Court granted Defendant leave to amend, and he filed an amended Motion to Vacate Under 28 U.S.C. § 2255 on September 30, 2020. (Docket No. 546). The Court then provided Defendant with notice under *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), of his options to supplement the Motion or have the same ruled upon as filed. (Docket No. 553). Defendant failed to respond to the *Miller* notice, and the Government filed its Response in Opposition to Defendant's Motion on February 5, 2021. (Docket No. 571). The Court ordered Defendant to file his Reply to the Government's Response in Opposition by March 1, 2021. (Docket No. 572). Defendant did not file a timely Reply. (*See generally* Docket Report 16-181). No further briefing has been ordered or requested; thus, the Court considers this matter ripe for disposition.

### III.  LEGAL STANDARD

A prisoner in federal custody may move to vacate his or her sentence under 28 U.S.C. § 2255(a) if such "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). A motion under § 2255 is a collateral challenge that is viewed less favorably than a direct appeal and "relief under § 2255 is available only when 'the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice, and ... present[s] exceptional circumstances where the need for the remedy afforded by the writ ... is apparent.'" *United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974)) (further quotations omitted).

Generally, a district court must order an evidentiary hearing in a federal habeas case if a criminal defendant's § 2255 allegations raise an issue of material fact. *United States v. Biberfeld*,

957 F.2d 98, 102 (3d Cir. 1992); *see also United States v. Tolliver*, 800 F.3d 138, 140-41 (3d Cir. 2015). But, if there is "no legally cognizable claim or the factual matters raised by the motion may be susceptible of resolution through the district judge's review of the motion and records in the case," the motion may be decided without a hearing. *United States v. Costanzo*, 625 F.2d 465, 470 (3d Cir. 1980); *see also Tolliver*, 800 F.3d at 140-41. If a hearing is not held, the district judge must accept the criminal defendant's allegations as true "unless they are clearly frivolous on the basis of the existing record." *Gov't of Virgin Islands v. Bradshaw*, 726 F.2d 115, 117 (3d Cir. 1984). Additionally, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation." *United States v. Knight*, 2009 WL 275596, at *13 (W.D. Pa. 2009) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

Specifically, in this matter, each of Defendant's § 2255 claims is raised under the guise of ineffective assistance of counsel; thus, Defendant argues that his counsel's allegedly ineffective representation amounted to a deprivation of his Sixth Amendment right to counsel. The standard for establishing the ineffective assistance of counsel is well-settled. "A prisoner seeking relief on the grounds of ineffective assistance of counsel bears the burden to demonstrate two requirements," *United States v. Seeley*, 574 F. App'x. 75, 78 (3d Cir. 2014), which were initially set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to prevail on a claim of ineffective assistance of counsel under *Strickland*, a defendant "must establish that (1) the performance of counsel fell below an objective standard of reasonableness; and, (2) counsel's deficient performance prejudiced the defense." *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) (citing *Strickland*, 466 U.S. at 688, 694); *see also Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000) (same).

The United States Court of Appeals for the Third Circuit has "endorsed the practical

suggestion in *Strickland* [that the Court may] consider the prejudice prong before examining the performance of counsel prong 'because this course of action is less burdensome to defense counsel.'" *United States v. Lilly*, 536 F.3d 190, 196 (3d Cir. 2008) (quoting *United States v. Booth*, 432 F.3d 542, 546 (3d Cir. 2005)); *see also Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."). Regarding prejudice, the Supreme Court has noted that, "when a defendant claims his counsel's deficient performance deprived him of a trial by causing him to accept a plea, the defendant can show prejudice by demonstrating a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Lee v. United States*, 173 S. Ct. 1958, 1965, 198 L.Ed.2d 476 (2017) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).

IV. DISCUSSION

As noted, Defendant argues that his counsel was ineffective during plea and sentencing proceedings and for allegedly failing to file a notice of appeal on his behalf. (Docket No. 546). The Government contends that all of his claims lack merit. (Docket No. 571). Having considered the parties' positions, the Court agrees with the Government that Defendant is not entitled to relief under § 2255 and will deny his motion without a hearing. The Court addresses the parties' arguments on each of the disputed issues, in turn.

*A. Counsel's Alleged Ineffectiveness During Plea and Sentencing Proceedings*

Defendant's first, third, and fourth claims are all based on counsel's supposed ineffectiveness for failing to seek to reduce Defendant's sentence below the 15 years of incarceration that Defendant specifically agreed to pursuant to the Rule 11(c)(1)(C) plea

agreement. (Docket No. 546). Both Defendant's first and third claims focus on the § 851 Information filed by the Government in this matter. Defendant's first claim alleges that counsel was ineffective for failing to inform Defendant of the § 851 Information prior to the change-of-plea hearing, while his third claims alleges that counsel was ineffective for failing to challenge his state convictions as the basis for the § 851 Information.[2] Defendant's fourth claim takes issue with counsel's failure to seek an additional downward departure in the sentencing guidelines based upon the conditions of Defendant's pretrial incarceration.[3] Defendant also broadly asserts, in his fifth claim, that he insisted on exercising his right to trial in this matter.

In this Court's estimation, Defendant has failed to demonstrate that he has been prejudiced by his counsel's advice during the plea and sentencing proceedings because the factual bases underlying his claims, as well as his post hoc assertions that he wanted to go to trial rather than accept the Rule 11(c)(1)(C) plea agreement, are clearly contradicted by the contemporaneous record. As the Supreme Court has noted previously, "[s]olemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

---

[2]    In arguing that counsel should have challenged the use of Defendant's state conviction as the basis for the § 851 Information, Defendant points to the fact that his underlying conviction at CP-02-CR-17950-2002 is currently the subject of ongoing PCRA proceedings in the state court system. However, the docket sheet in that matter indicates that Petitioner's PCRA Petition was not filed until January 14, 2020, over nine (9) months after Defendant entered his guilty plea, and nearly six (6) months after Petitioner was sentenced in this matter. Thus, the validity of Defendant's state conviction was not in question at the time of Defendant's guilty plea or sentencing in this matter, and Defendant fails to provide any other grounds upon which counsel could have successfully challenged the use of his prior convictions under § 851. Furthermore, the state docket sheet indicates that Defendant's counsel in the collateral proceedings has filed a *Turney/Finley* No Merit Letter, and the state court has issued a Notice of Intent to Dismiss.

[3]    Notably, during the course of this matter, the Court investigated and dismissed Defendant's complaints about his access to legal materials during his period of pretrial incarceration. (Docket Nos. 390, 392, 394, 398).

Additionally, "when a defendant claims his counsel's deficient performance deprived him of a trial by causing him to accept a plea, the defendant can show prejudice by demonstrating a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Lee*, 173 S. Ct. at 1965 (quoting *Hill*, 474 U.S.at 59). Furthermore, "Courts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Id.* at 1967.

At the change-of-plea hearing, the Court and the Government repeatedly and explicitly referenced the § 851 Information filed in this matter. (Docket No. 450 at 8-9, 15, 21, 31, 36, 38). The Court explained the impact that the § 851 Information had on Defendant's mandatory minimum sentence, Defendant acknowledged that he understood the significance of the § 851 Information, and he proceeded with entering his guilty plea. (*Id.* at 8-9). Defendant also acknowledged his assent to a written joint stipulation of fact which established his state convictions as the basis for the § 851 Information. (Docket Nos. 450 at 14-15). That written stipulation was signed by Defendant and entered into the record. (Docket No. 421). Further, the Government read the entirety of the plea agreement into the record, which Defendant assented to, including a provision that no other sentencing departures are "applicable or appropriate" besides the three-level downward departure for acceptance of responsibility that was specifically contemplated by the plea agreement. (Docket No. 450 at 23-24). More than three months after the change-of-plea hearing, at his sentencing hearing, Defendant chose not to raise any objections to the Presentence Investigation Report or the Court's Tentative Findings and Rulings, both of which again explicitly acknowledged the applicability of the § 851 sentencing enhancement and the lack of any other downward departures from the sentencing guidelines apart from those contemplated in the plea

agreement. (Docket Nos. 455; 461; 516 at 3-4, 6).

Defendant had ample time and numerous opportunities to ask questions, raise concerns, or lodge objections arising from the contents of the plea agreement. (*See generally* Docket Nos. 450, 516). At any time, he could have informed the Court that he no longer wished to plead guilty and instead wanted to assert his right to trial. (*See generally* Docket No. 450 at 10-14). Instead, he repeatedly decided to move forward with the Rule 11(c)(1)(C) plea agreement, advocating throughout both proceedings for the Court to accept the stipulated 15-year sentence. (*See generally* Docket Nos. 450, 516). Defendant even requested for his sentencing date to be moved up so that he could begin serving his sentence in federal custody as soon as possible. (Docket No. 450 at 51-52).

Thus, upon review of the contemporaneous record, this Court holds that Defendant knowingly entered into a Rule 11(c)(1)(C) plea agreement after back-and-forth negotiations between defense counsel and the Government. (Docket No. 450 at 19-20). Facing a guideline range of potentially between 24 - 30 years,[4] and up to a maximum sentence of life in prison, Defendant struck a deal wherein he and the Government stipulated that a term of 15 years' incarceration was the appropriate sentence in this matter. (*Id.* at 22, 24-25, 37). At Defendant's repeated insistence, throughout two separate hearings and after an exhaustive colloquy designed to ensure that Defendant understood the terms of the plea agreement and was entering into the same voluntarily, the Court accepted Defendant's guilty plea and imposed the agreed-upon sentence of 15 years.

---

[4] In fact, the record reveals that Defendant could potentially have faced an additional period of incarceration as a result of uncharged conduct if not for his decision to accept the Rule 11(c)(1)(C) plea agreement. Specifically, Defendant acknowledged the uncharged conduct of possession of ammunition by a convicted felon, though the Government specifically agreed not to file additional charges for that offense as part of the plea agreement in this matter. (Docket No 450 at 23).

(*See generally* Docket Nos. 450, 516).

Now that the time has come to serve those 15 years, Defendant claims that his guilty plea was induced by counsel's errors. However, Defendant's determination to find fault in counsel's representation in this matter is little more than a transparent attempt to renege on his plea. Defendant knowingly entered into a plea agreement in this case pursuant to Rule 11(c)(1)(C), and he received the benefit of the same. Accordingly, the Court finds Defendant's post hoc allegations to be "clearly frivolous in light of the existing record," as contemplated by the Third Circuit Court of Appeals in *Bradshaw*, 726 F.2d at 117.

Quite simply, Defendant's second thoughts about the consequences of his guilty plea do not entitle him to relief under § 2255. Because the Court finds that the record definitively demonstrates that Defendant cannot prove prejudice in regards to counsel's representation at the plea and sentencing hearings, Defendant is not entitled to an evidentiary hearing on those claims. *See United States v. Costanzo*, 625 F.2d at 470; *see also Tolliver*, 800 F.3d at 140-41. Accordingly, Defendant's motion is denied in relation to those claims.

### B. Counsel's Alleged Ineffectiveness in Failing to File an Appeal

In his second claim, Defendant argues that counsel was ineffective for failing to file an appeal on his behalf despite being requested to do so. Rule 4(b) of the Federal Rules of Appellate Procedure states that a notice of appeal must be filed within 14 days of the entry of judgment in a criminal case. *See* Fed. R. App. P. 4(b). The Supreme Court has held that "the bare decision whether to appeal is ultimately the defendant's, not counsel's, to make." *Garza v. Idaho*, 139 S.Ct. 738, 746 (2019). "When a defendant expressly asks counsel to file an appeal, counsel renders deficient performance for failing to do so even in the presence of a valid appellate waiver." *United States v. Sanchez-Delgado*, 2021 WL 978956, at *7 (E.D. Pa. Mar. 15, 2021)(citing *Garza*, 139

S.Ct. at 746-47). Thus, "[w]here… an attorney performed deficiently in failing to file a notice of appeal despite the defendant's express instructions, prejudice is presumed 'with no further showing from the defendant of the merits of his underlying claim.'" *Garza*, 139 S.Ct. at 749 (quoting *Roe v. Flores-Ortega* 528 U.S. 470, 484 (2000)). However, when the "record lacks any allegations or evidence that Defendant asked his counsel to file an appeal on his behalf prior to the expiration of the deadline for filing an appeal, […] he has failed to establish that his counsel was constitutionally deficient under *Garza*." *United States v. Pridgen*, Cr. No. 17-291, 2019 WL 5537893, at *6 (W.D. Pa. Oct. 25, 2019)

It is this Court's opinion that Defendant has not sufficiently averred that he expressly or impliedly requested that counsel file a notice of appeal on his behalf within the 14-day appeal period. Defendant's motion provides no context regarding his alleged request for counsel to file an appeal on his behalf, and he provides no contemporaneous evidence[5] in support of his claim. (Docket No. 546). Indeed, his declaration states only that "I also requested that my counsel file an appeal on my behalf where once again I asked him to challenge my underlying Pennsylvania State (sic) convictions. He never did so." (Docket No. 546-1).

Even liberally construing such allegations, Defendant does not specify: the identity of the counsel to whom this request was made; the means utilized to communicate this request to counsel, whether by phone, email, letter, or in an in-person conversation; and the timing of when this request took place. (Docket Nos. 546, 546-1). Thus, even accepting Defendant's allegations as

---

[5] This Court has previously held that counsel's unilateral decision to forego an appeal amounted to deficient performance. *See, e.g., United States v. Livesey,* Crim. No. 15-87, Docket No. 3181 (W.D. Pa. Aug. 30, 2020). Crucial to the Court's decision to grant relief in *Livsey*, however*,* was the existence of a letter sent from counsel to defendant prior to the expiration of the time for filing an appeal, wherein counsel advised that he would not be filing an appeal on the defendant's behalf because "there is no factual basis upon which to appeal." *Id.*

11

true, Defendant has not established that he is entitled to relief on this claim, as he fails to allege even the most fundamental elements of a cognizable claim which would entitle him to the presumption of prejudice under *Garza* and *Flores-Ortega,* (i.e. that he made a request for counsel to file a direct appeal from his federal conviction within the 14-day window for filing a timely appeal). *See Pridgen*, 2019 WL 5537893, at *6.

Additionally, a review of the record before the Court demonstrates that there is no evidence that Defendant expressed any interest in appealing the judgment and sentence during court proceedings. In this regard, the evidence includes the following:

> • Defendant signed the plea agreement containing the appellate waiver, *see Plea Letter dated 3/1/19,* and the Joint Stipulations of Fact admitting that the § 851 Information and his prior conviction for possession with intent to deliver subjected him to increased penalties, (Docket No. 421);
>
> • Defendant admitted at the change-of-plea hearing that he consulted with his lawyer regarding his appeal rights and the appellate waiver in his plea agreement and that he understood the same. (Docket No. 450 at 24-26);
>
> • Defendant twice asserted that he was satisfied with the representation of his counsel during the change-of-plea proceeding, and asked that the sentencing hearing be expedited given the parties' agreed-upon sentence, (Docket No. 450 at 7; 49);
>
> • In his statement of allocution, Defendant told the Court that he wanted to get his life back together and to take any programs that are available to him while in BOP custody. (Docket No. 516 at 11). He did not express any concern about the agreed-upon sentence or his counsel's performance, (*Id*.);
>
> • The Court advised Defendant at the sentencing hearing that it was accepting the parties' plea agreement and imposed the stipulated sentence, (Docket No. 516 at 15-21); and
>
> • Defendant was informed by the Court at the sentencing hearing that, notwithstanding his valid appellate waiver, he had a right to appeal in forma pauperis, that any notice of appeal must be filed within 14 days or by August 1, 2019, and that the Clerk of Court

could enter a notice of appeal on his behalf, if requested, (Docket No. 516 at 44).

Further, Defendant has not refuted the Government's proffer that his counsel denies that Defendant requested for him to file an appeal on his behalf. (Docket No. 571 at 23, n. 4). Therefore, the Court holds that Defendant has failed to sufficiently develop this claim for relief, and it amounts to the type of vague allegation that must be summarily dismissed. *See Blackledge*, 431 U.S. at 73-74; *see also Knight*, 2009 WL 275596, at *13.

As a final matter, the Court concludes that Defendant's motion must be denied, with prejudice, for several reasons. First, Defendant has not expressly sought leave to amend and the Court declines to grant him leave to amend sua sponte given the totality of the circumstances in this case. *Cf. United States v. Hernandez-Zavala*, 984 F.3d 457, 459 (5th Cir. 2021) ("A district court does not err in declining to offer sua sponte a § 2255 movant an opportunity to amend."). Second, Defendant has been provided with three prior opportunities to amend and/or supplement his claims but has failed set forth sufficient allegations to meet his burden to show that his valid conviction and sentence should be set aside in this matter. *See Travillion*, 759 F.3d at 288. Third, Defendant did not respond at all to the Court's October 22, 2020 *Miller* Order nor its February 8, 2021 Order directing him to file a Reply Brief.  (*See* Docket Nos. 553; 572). Accordingly, Defendant's motion is denied, with prejudice.[6]

---

[6] The Court also notes that any amendments of Defendant's claim that counsel was ineffective for failing to appeal would likely be untimely because such claim was not raised prior to the expiration of the August 1, 2020 statute of limitations and does not relate back to his earlier filing.  *See Hodge v. United States*, 554 F.3d 372, 377-78 (3d Cir. 2009). To that end, the Court's July 24, 2020 Order accepted his initial June 30, 2020 filing as a § 2255 Motion. advancing a "primary claim challenging the validity of his convictions utilized to enhance his present federal sentence" but did not extend the August 1, 2020 statute of limitations. (Docket No. 538).

V. CONCLUSION

Based on the foregoing, Defendant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is DENIED, with prejudice. The Court also holds that Defendant has failed to make a substantial showing of the denial of a Constitutional right and is not entitled to a certificate of appealability. An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

Dated: March 31, 2021

cc/ecf: All counsel of record

    Angelo Massie
    BOP # 0812-6068
    FCI Elkton
    P.O. Box 10
    Lisborn, OH 44432
    (via U.S. mail)